Eric F Fagan (SBN 87071)
Law Offices of Eric F. Fagan
2220 Otay Lakes Rd. #502-84
Chula Vista, CA 91915
efagan@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiff TRAVIS LOWE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS LOWE<br><br>    Plaintiff<br><br>v.<br><br>ELITE RECOVERY SOLUTIONS L.P., a corporation; LEGAL RECOVERY LAW OFFICES, INC. a corporation,<br><br>    Defendants. | Civil Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

**COMPLAINT**

**I. INTRODUCTION**

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

1

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff **TRAVIS LOWE** ("Plaintiff") is a natural person residing in California.

4. Defendant **ELITE RECOVERY SOLUTIONS L.P. ("ERS")** is a California corporation doing business in this state of collecting consumer debts owed to another with its principal place of business located at 4305 Gesner Street Ste 118, San Diego, CA 92117.

5. Defendant **LEGAL RECOVERY LAW OFFICES, INC ("LRLO")** is a professional corporation regularly engaged in attempting to collect debts owed to another through litigation in this state; its principal place of business is 4305 Gesner Street Ste 116, San Diego, CA 92117.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below.  Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts that injured the Plaintiff.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

//

## IV.  FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

### *Defendants' Pattern and Practice*

13. Plaintiff alleges the following paragraphs 14 though 28 on information and belief

14. ERS purchases old, defaulted debt in batches of one thousand (or more) accounts at a time, for which it pays pennies (or less) on the dollar.

15. ERS then files lawsuits against individuals allegedly indebted on an account to a creditor, which account ERS claims to have purchased directly or indirectly from the creditor.

16. ERS does not obtain from the original creditor, or from an assignee of the original creditor admissible evidence demonstrating the amount of the debt allegedly owed by the debtor.

17. Similarly, ERS does not obtain admissible evidence of the original agreement (including the interest rate) or admissible evidence of the chain of ownership of the debts. This is common practice in the industry because of the time and cost of obtaining such documentation.

18. This type of debt is transferred electronically; the seller does not provide paperwork to ERS that would be considered satisfactory evidence of the debt if submitted to a court.  The electronic evidence of the sale consists of the debtor's name, account number, and alleged indebtedness, without admissible evidence about the original contract, the debtor's payments, or the assignment or sale of the account.

19. Defendants choose not to obtain the documentation needed to investigate, and prove if possible, its debt-collection claims such as that against Plaintiff.  Defendants are unwilling to incur the expense of doing so; in many cases such documentation is simply not available to the Defendants.

20. Moreover, ERS regularly fails to undertake a reasonable investigation into whether a debtor's alleged debt is barred by the Statute of Limitations.

21. LRLO typically relies on assertions, if any, by ERS that the debt is not time-barred; LRLO thus fails to undertake any further investigation.

22. The default rate on lawsuits brought by Defendants is extremely high; once a default judgment is entered, the debtor's chances of overturning it are virtually limited to those situations where

service of process was improper.

23. Thus, in the vast majority of cases, ERS can proceed to post-judgment collection regardless of whether it could have proved its case in disputed litigation.

24. LRLO typically demands an award of attorneys' fees without a legal basis, as its claim is based on a non-existent or unavailable contract between the debtor and the original creditor. Further, LRLO structures its complaint to allege common counts, knowing that such cannot be proven, to avail itself of a statutory award of attorneys' fees.

### *The Defendants Acted with Improper Motives*

25. Defendants thus institute debt-collection suits such as that against the Plaintiff in the hopes that the matter will go by default to ERS. Defendants therefore count on obtaining a default judgment in such cases with "evidence" that they know would not survive opposition scrutiny at trial. Defendants are unwilling and incapable of obtaining appropriate evidence to prevail at trial.

26. Defendants primary purpose in filing actions against debtors is to obtain default judgments; Defendants regularly dismiss actions filed against debtors if the debtor contests the lawsuit because of a) Defendants' lack of and inability to obtain admissible evidence and b) Defendants' wish to avoid liability for a defendant's attorneys' fees.

27. When ERS dismisses such actions without prejudice, it may sell the account to another company that buys old debt, knowing, and thus perpetuating the possibility that the debtor may be subjected to further debt collection activities.

28. LRLO is aware of ERS's improper practices as specified above, and files suit knowing of them thereby abetting ERS in such improper practices.

### *The Defendants Were Without Evidence to Prove a Case at Trial*

29. ERS acting as a successor party in interest sought to collect on a Debt owed by Plaintiff on a First Chicago credit card account that Plaintiff had used for personal, family, and household services (the Debt).

30. ERS tried to collect on the Debt by causing its attorney LRLO to file an action against Plaintiff on June 1, 2006 in the State of California Superior Court of County of Kings, Case No. 06CV0454 (the Action).

31. All of the above allegations existed, or came into play with respect to the Action brought against Plaintiff by the Defendants.

32. On or about October 27, 2006 Plaintiff filed an answer to the Action and alleged as Affirmative Defenses, inter alia, that (a) the Complaint in the Action and each Cause of Action failed to state a cause of action against the then-defendant (Plaintiff in the present suit), and (b) the Action was barred by the appropriate Statutes of Limitation.

33. Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of law to prove a case at time of trial.

34. Regardless, Defendants continued to prosecute the Action knowing that the Action had no merit.

35. In so acting, Defendants engaged in deceptive behavior by intending to convince Plaintiff that ERS would prevail in the action.

36. Therefore, Defendants falsely represented ERS's legal claim to the Debt, and therefore misrepresented the legal status of the Debt.

37. Accordingly, and consonant with their practice, Defendants dismissed the Action without prejudice on January 19, 2007.

*Defendants sought to collect a Debt Greater Than Permitted By Agreement*

38. In the Action, Plaintiffs are informed and believe that Defendants sought to recover a sum greater than that allowed by the documents that allegedly transferred the Debt to the ERS, thus falsely representing the amount of Debt.

*The Debt was Time-Barred*

39. Defendants knew or should have known that the Action was time-barred.

40. Defendants consequently engaged in an unfair or unconscionable means of collecting a debt.

*Effect on the Plaintiff*

41. Defendants harassed, oppressed and abused Plaintiff by attempting to collect on the Debt in the manner described above.

42. As a result of the acts alleged above, Plaintiff suffered great stress, worry, loss of sleep, and

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**

irritability.  Further, Plaintiff was forced to incur legal expenses in defense of the Action..

43. The acts complained of above are part of a pattern and practice of harassment that Defendants knowingly engage in.

## V.  FIRST CLAIM FOR RELIEF
### (Violation of the FDCPA)

44. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

45. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following actions taken against Plaintiff:

    (a) Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the Debt.

    (b) Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount of the Debt.

    (c) Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt in suing on a time-barred debt.

    (d) Defendants violated 15 U.S.C. §1692f (1) by attempting to collect an amount of principal and interest not authorized by agreement or permitted by law.

    (e) Defendants violated 15 U.S.C. §1692f (1) by attempting to collect attorneys' fees not authorized by agreement or permitted by law.

    (f) Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

46. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k

## VI.  SECOND CLAIM FOR RELIEF
### (Against All Defendants for Violation of the Rosenthal Act)

47. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

48. The Defendants violated the Rosenthal Act by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e(2)(A) in falsely representing the legal status of the Debt.

    (b)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e(2)(A) in falsely representing the amount of the Debt.

    (c)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f in using unfair or unconscionable means to attempt to collect a debt in suing on a time-barred debt.

    (d)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f (1) in attempting to collect an amount of principal and interest not authorized by agreement or permitted by law.

    (e)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f (1) by attempting to collect attorneys' fees not authorized by agreement or permitted by law.

    (f)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692d.

49. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

50. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)    Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

    (c)    Actual damages; and

    (d)    For such other and further relief as the Court may deem just and proper.

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**

Dated: March 30, 2007

          /S/ Eric F Fagan
Eric F. Fagan, Attorney for Plaintiff Travis Lowe

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated March 30, 2007

          /S/ Eric F Fagan
Eric F. Fagan, Attorney for Plaintiff Travis Lowe

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**