IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS LOWE,

          Plaintiff,

 vs.

ELITE RECOVERY SOLUTIONS L.P., et al.,

          Defendants.

No. CIV S- 07-0627 RRB GGH

FINDINGS AND RECOMMENDATIONS

Plaintiff's motion for entry of default judgment against defendants Elite Recovery Solutions L.P. and Legal Recovery Law Offices, Inc. ("defendants"), filed July 20, 2007, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

On March 30, 2007, plaintiff filed the underlying complaint in this action against defendants, alleging defendants violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and state law through a previous lawsuit against him wherein they sued to collect a debt barred by the statute of limitations, based on an incorrect principal balance, an unauthorized amount of interest, and unauthorized attorneys' fees. The summons and complaint

were served on April 5, 2007, by leaving them with an employee and agent of defendants. Fed. R. Civ. P. 4(h)(1). (Leand Bantados, Administrative Clerk for both defendants). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have failed to file an answer or otherwise appear in this action. On June 6, 2007, the clerk entered default against defendant Legal Recovery Law Offices, Inc. On June 27, 2007, the clerk entered default against defendant Elite Recovery Solutions L.P.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendants at their last known address. Defendants filed an opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $15,107.50 against defendants jointly and severally.

DISCUSSION

As a preliminary matter, a defaulting defendant who has made an appearance is generally allowed to contest damages only. <u>Dundee Cement Company v. Howard Pipe & Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983).[1] Therefore, defendants' opposition to the motion for default judgment will be considered only to the extent that it contests the requested damages.[2]

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of

---

[1] For defendants' information, entry of default, which precludes a party from contesting liability, is different from entry of default judgment, which decides all aspects of a litigation.

[2] The substantive arguments raised in defendants' opposition would have been proper in a motion to dismiss.

default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Courts generally disfavor default judgments, however, especially those involving large sums. See In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993);10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2681. "The general rule of law is that upon default factual allegations of the complaint, *except those relating to amount of damages*, will be taken as true." Geddes, 559 F.2d at 560 (citing Fed. R. Civ. P. Rules 8(d), 55(b)) (emphasis added); see also Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.2002) (same).

Granting or denying default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir.1986). Several factors may be relevant. See Eitel, 782 F.2d at 1471-72 (9th Cir.1986).[3]

"A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement, 722 F.2d at 1323 (citing Geddes); Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); see also Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the court finds there is a basis for the damages specified. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

---

[3] Factors include: (1) possible prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the sum at stake; (5) possible disputes about material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

A. Statutory Damages

Plaintiff seeks $1,000 against each defendant pursuant to § 1692k(a)(2)(A) of the FDCPA, and $1,000 against each defendant under the Rosenthal Act (Cal. Civ. Code § 1788.30(c)), for a total of $4,000.

1. FDCPA

The FDCPA provides for damages of up to $1,000, and provides for factors to be considered by the court, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(a)(2)(A); (b)(1).

Defendants argue that there is no evidence that they were frequently or persistently non-compliant, or that they intentionally violated the FDCPA. They further argue that the $1,000 cap applies to each action, not to each defendant. Defendants have submitted evidence claimed to have been sold by the original purchaser of the charged-off credit card account, Alternative Debt Portfolios, to Elite, as purchaser of the information. Exhibit C to the Davis Declaration is indecipherable, and contains almost no information. The fact that Elite proceeded to use this information to file an action against plaintiff in state court is evidence of its level of intent. Elite even concedes in its opposition that it was unable to obtain or produce discovery requested by Mr. Lowe in the collection action. Oppo. at 3:12-15; Walsh Decl. at ¶ 6. Pursuant to § 1692(c), the debt collector must show that its violation was not intentional. Defendants have failed to do so in this case.

Defendants are correct in their claim that statutory damages is limited to $1,000 per action, not $1,000 per defendant. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to "one set of circumstances"); Nelson v. Equifax Information Services, LLC, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation"). The statute itself provides that "in the case of any action by an individual, such additional damages as the court may allow,

but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

Therefore, plaintiff should be awarded $1,000 in statutory damages.

2. Rosenthal Act

Plaintiff also seeks $1,000 per defendant under Cal. Civ. Code § 1788.30(b).[4] The Rosenthal Act also requires an intent that is knowing and wilful. The court finds for the same reasons stated above in regard to the FDCPA, that plaintiff has made a sufficient showing, and that defendants have failed to show their violation was not intentional.

As to the requested amount of $1,000 per defendant, California's Rosenthal Act provides in part:

> b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Unlike the FDCPA, the California Act provides that "any debt collector" shall be liable for up to $1,000. Defendants do not contend that these statutory damages are limited by action, as they argue with respect to the FDCPA. The court did not locate case law on this issue, and therefore must rely on the plain wording of the Act which provides for penalties against each debt collector. Plaintiff should recover from each debt collector $1,000 in statutory damages under the Rosenthal Act, for a total of $2,000.

\\\\\
\\\\\
\\\\\
\\\\\

---

[4] The remedies under the Rosenthal Act "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." Cal. Civ. Code § 1788.32.

5

B. <u>Actual Damages</u>

Section 1692k(a)(1) also provides for actual damages.

1. <u>Attorneys' Fees</u>

"Actual damages" are not defined in the FDCPA. Nevertheless, courts have awarded attorneys' fees incurred in defending the underlying collection action as actual damages under § 1692k. <u>Owens v. Howe</u>, 365 F. Supp. 2d 942, 948 (N. D. Ind. 2005).

Plaintiff's declaration states that he had to pay $2,560 to defend the underlying collection action, along with a filing fee of $180. Low Decl., ¶ 8. He has submitted no other evidence in support of this amount. Nevertheless, defendants concede that Elite filed a complaint against Lowe on June 1, 2006, that Lowe, through counsel Fagan, filed an answer on October 27, 2006, that Lowe served discovery requests on Elite about a week after filing his answer, that Elite was not able to retrieve certain discovery, such as the original account agreement, Lowe's payments on the account, and date of last payment, and that Elite dismissed the action on January 19, 2007. Walsh Decl., ¶¶ 4-6. All of these proceedings in the prior action, along with its over seven months duration, lead the court to conclude that attorneys' fees of $2,560 were reasonably incurred. The declarations of Lowe and Walsh are sufficient to document the fees, and further evidence such as attorney's bills or cancelled checks is not necessary. Lowe will also be awarded the filing fee of $180.00.

2. <u>Emotion Distress Damages</u>

Defendants claim that Lowe's declaration contains only conclusory statements about stress and worry, and is insufficient to support an award of $1,980 for emotional distress damages. Defendants cite the California standards which include "extreme and outrageous conduct" as one factor; however, the Ninth Circuit has not decided whether the state law of intentional infliction of emotional distress should apply or whether some lower standard akin to that used under the Fair Credit Reporting Act ("FCRA") should apply. See <u>Costa v. National Action Financial Services</u>, 2007 WL 4526510, *7 (E.D. Cal. 2007). Under either standard,

6

plaintiff has not made a sufficient showing. California requires a showing of: "(1) extreme and outrageous conduct by the defendant; (2) with intent to cause plaintiff emotional distress; (3) severe emotional distress suffered by plaintiff; and (4) defendant's conduct actually and proximately caused plaintiff's severe emotional distress." Id. at *8, *citing* Davidson v. City of Westminster, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252, 649 P.2d 894 (1982). The lesser standard as utilized under the FCRA does not require proof of state law elements of IIED; however, "a plaintiff must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient." Id. at *7, *citing* Wantz v. Experian Info. Systems, 386 F.3d 829, 834 (7th Cir.2004) (finding that plaintiff cannot rely solely on uncorroborated testimony).

Plaintiff's declaration states only that defendants, whom he had never heard of previously, filed the collection against him, causing him "a great deal of stress and worry." He states that he felt helpless as he knew little about the legal system, but learned that if he lost the lawsuit he could have his "bank account cleaned out, [his] wages garnished or even property repossessed." Lowe Decl. at ¶¶ 5, 6. As a result, plaintiff states that he lost sleep, and suffered from irritability, and could not get the lawsuit out of his mind. Id. at ¶ 7. As a result, he seeks $10 per day for each day that he was a defendant in the collection action which spanned 198 days. Even under the lower standard, plaintiff has not shown more than transitory symptoms, as evidenced by his request for damages only until the action against him was dismissed. Emotional distress damages should not be awarded.

C. Attorneys' Fees and Costs

Plaintiff seeks $5,993.50 in attorneys' fees and $394 in costs incurred in the instant action.

Attorneys' fees are to be awarded to a prevailing plaintiff under both the FDCPA and the Rosenthal Act. 15 U.S.C. 1692k(a)(3); Cal. Civil Code 1788.30(c). In particular, under the FDCPA, some courts have ruled that an attorney fee award is mandatory in such cases. See,

e.g. <u>Zagorski v. Midwest Billing Services, Inc.</u>, 128 F.3d 1164 (7th Cir.1997).  First, the court calculates the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct.1933 (1983).  Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the <u>Kerr</u> factors that are not already subsumed in the initial lodestar calculation.  <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115 (9th Cir. 2000); <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir.1975).

Plaintiff's attorneys request fees for a total of 24.8 hours of work, consisting of 4.6 hours for Mr. Fagan at a rate of $325 per hour, 13.8 hours for Mr. Golden at a rate of $275 per hour, and 6.4 hours of work by other staff members at a rate of $115 per hour for paralegal Hudson and $90 per hour for legal assistant Lizarraga.  Fagan Decl., ¶ 8.

Defendants object to the hourly rates charged by Fagan and Golden, that no fees be awarded support staff as they are unsupported, and that the number of hours claimed is excessive and unreasonable.  The court will address each objection in turn.

### 1. Attorneys' Hourly Rates

"A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's reasonable hourly rate."  <u>Abad v. Williams, Cohen & Gray, Inc.</u>, 2007 WL 1839914, *4 (N.D. Cal. 2007), *citing* <u>Widrig v. Apfel</u>, 140 F.3d 1207, 1210 (9th Cir.1998).  In a recent case cited by the parties, attorney Fagan requested $325 per hour but the Northern District reduced the hourly fee to $300 per hour.  <u>Schueneman v. 1st Credit of America</u>, 2007 WL 1969708 (N. D. Cal. 2007).  Attorney Golden had requested $275 per hour, but the court reduced the award to $250 per hour.  The court reasoned that the reduced rates were consistent with rates awarded to the attorneys' peers based on level of overall litigation experience.  <u>Id.</u> at *3.  Defendants object to the use of the <u>Schueneman</u> case as guidance since it was a hotly contested action that went to the eve of trial before settling.  The court fails to find a distinction in hourly rates based on whether a case was heavily litigated or not.  Therefore, the

1  Schueneman case will be used for guidance because it was decided within the past year, and
2  involves the same attorneys.  Attorney Fagan will be awarded $300 per hour and attorney Golden
3  will be awarded $250 per hour.  The court will, however, review the number of hours billed with
4  a discerning eye, based on the level of experience of these attorneys.

### 2. Fees for Support Staff

Defendants also object to the claimed award of $683.50 for 6.4 hours of work done by paralegal Hudson at $115 per hour and legal assistant Lizarraga at $90 per hour, because plaintiff has not submitted evidence of the experience or qualifications of these individuals.  In Schueneman v. 1st Credit of America, 2007 WL 1969708 (N. D. Cal. 2007), the court found appropriate paralegal Hudson's claimed fees of $110 per hour where she had also billed $115 per hour on the same case, and there was no explanation for the difference.  Here, Hudson has consistently billed $115 per hour throughout most of the case, so that amount will be awarded.  The Schueneman court also found reasonable a rate of $90 per hour for Fagan's legal secretary.  The court finds no reason not to apply that court's recently awarded fees to this case.  The question of whether these fees were properly claimed for legal work will be discussed in the next section.

### 3. Hours Claimed

Defendants contend that plaintiff has claimed fees for time spent by counsel performing non-legal tasks, inadequate documentation of time, and unnecessary, duplicative or excessive time.  Defendants request that the fee award be reduced to .9 hours for attorney Fagan's time, 7.6 hours for attorney Golden's time, and that no fees be awarded for time spent by paralegal Hudson or legal assistant Lizarraga.

Defendants are informed that claimed fees for non-legal or clerical tasks may not be billed as attorneys' fees, regardless of whether they are performed by a paralegal or an attorney.  Missouri v. Jenkins, 491 U.S. 274, 288, n. 10, 109 S. Ct. 2463 (1989).  They may, however, be billed at a lesser rate.  Id.  Work that might be done by paralegals and billed as such

9

include "factual investigation, including locating and interviewing witnesses; assistance with deposition, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." Id. at 288, n. 10.  This work may also be done by attorneys and billed at a higher rate.  Work which is purely clerical in nature includes "investigation, clerical work, compilation of facts and statistics" and other work which can be done by non-lawyers.  Id. at 288.

With these guidelines in mind, the court has now reviewed plaintiff's billing records and defendants' table with requested reductions.  Ex. 1 to Fagan Decl.; Narita Decl., ¶ 15.  Only the following entries should be changed.

3/19/07 - EFF - Reviewed Client worksheet.  This task may be performed by a paralegal.  Time should be billed at the paralegal rate.

3/22 through 3/27/07 - by various staff - Work done in preparation of complaint which amounts to 7.6 hours.  This amount of time to prepare and finalize a seven page boilerplate complaint is excessive, especially in light of counsels' numerous years of experience with this particular type of action.  See Schueneman, 2007 WL 1969708, *2-3.  Although the time billed for the paralegal and clerical preparation of the complaint seems reasonable (2.6 hours total), the attorneys' time will be reduced to one hour at Fagan's hourly rate.

3/28/07, 4/2/07, 5/3/07, 5/3/07 - DH - Preparation of documents for filing and service, including proof of service and mailing are clerical tasks which should be billed at that rate.  The first four of these entries will therefore be reduced.  The last entry on 5/3/07, for revision of proof of service by paralegal Hudson, will not be reduced.

6/28/07 - JG - Research federal and local rules for filing default judgment.  This work (.9 hours) appears to be repetitious of work previously done on June 5, 2007 (.8 hours).  Therefore, .9 hour billed for June 28 will be eliminated.

Work by attorneys which include phone messages to opposing counsel or research of local rules are appropriately attorney work, and are permissible to be billed in this way.

Defendants' objections based on inadequate description of services is found to be without merit. These entries are explained by looking at other entries immediately preceding or following these entries which are close in time and relate to the same task. Discussions between attorneys are not required to be further described, for obvious reasons.

4. Costs

Section 1692k(a)(3) also provides for recovery of "costs of the action." "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). The non-taxable costs of serving the complaint and the filing fee fit this description. Therefore, plaintiff will be awarded $394 in costs.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED. Judgment should be rendered in the amount of $10,234.50.

These findings and recommendations are submitted to the honorable Ralph Beistline, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/04/08                                         /s/ Gregory G. Hollows
                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE

GGH:076 - Lowe0627.def.wpd